Revised October 23, 1998

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-41074

RAUL GONZALES, JR.,

Plaintiff-Appellant,

versus

MORRIS WYATT, Sergeant,

Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Texas, Galveston

October 23, 1998

Before KING, GARWOOD and HIGGINBOTHAM, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Raul Gonzales, Jr. (Gonzales), a prisoner in the Texas Department of Criminal Justice, appeals the limitations-based dismissal of his 42 U.S.C. § 1983 *in forma pauperis* (IFP) suit against defendant-appellee Morris Wyatt (Wyatt), alleging that in an altercation on January 24, 1994, Wyatt, a corrections officer at the Darrington Unit where Gonzales was then confined, used excessive force against Gonzales.

**Facts and Proceedings Below**

On January 19, 1996, a typewritten but wholly unsigned complaint in Gonzales' name containing these allegations was received in the mail by the district clerk. It was apparently accompanied by a letter dated January 8, 1996, from one Willie Milton, a nonlawyer prisoner who was then confined at the Darrington Unit. The record does not contain a copy of the letter, but it is referred to in affidavits subsequently filed by Milton and Gonzales. The complaint was not accompanied by either a filing fee or an application to proceed IFP. It appears that some time well prior to January 1996, Gonzales was transferred from the Darrington Unit, in Brazoria County, Texas, to the French Robertson Unit of the Texas Department of Corrections in Abilene, Texas, where he remained at all times thereafter.

On January 23, 1996, the magistrate judge issued and sent to Gonzales—whether at Darrington or French Robertson is unclear—a "notice of deficient pleading" advising Gonzales that he "must file within thirty days of the date of this notice" (January 23, 1996) an application to proceed IFP (or pay the filing fee) and "must submit a *signed* copy of your complaint to the Clerk" and that if he "fails to comply on time, the court may dismiss this case." Gonzales received this notice at French Robertson Unit on January 26 or 27, 1996. On February 29, 1996, nothing further having been received from Gonzales, the magistrate judge issued a report and

recommendation, a copy of which was served on Gonzales, recommending that the case be dismissed for total failure to comply with the January 23, 1996, order. On March 11, 1996, Gonzales filed a signed complaint naming Wyatt as defendant (not verbatim the same as that received January 19, 1996, but making the same basic allegations) and a signed motion to proceed IFP, each dated March 5, 1996. Also the same day he filed an objection, dated March 4, 1996, to the magistrate judge's February 29 report and recommendation, in which, as supplemented by later affidavits, he asserted that on January 30 or 31—some four days after he received the magistrate judge's January 23, 1996, notice—all his legal papers were confiscated by the prison authorities and he was confined to his cell and that he continued to be so confined and without his papers until February 29, 1996, which accounted for his failure to respond sooner to the January 23 notice.

On June 28, 1996, the district court entered an order declining to adopt the magistrate judge's February 29 report and recommendation, observing that "Plaintiff now appears to be prosecuting his case." Gonzales was thereafter granted leave to proceed IFP and Wyatt was served. Wyatt subsequently filed an answer and a motion to dismiss, each raising, *inter alia*, the statute of limitations. The magistrate judge thereafter issued a report and recommendation recommending that Wyatt's motion to dismiss be granted because the suit was barred by limitations, as

3

the complained-of conduct occurred January 24, 1994, and Gonzales'

signed complaint was not filed until March 11, 1996, more than two

years later.    Examining the affidavits filed by Gonzales and

Milton, the magistrate judge concluded:

> "that it was not he [Gonzales], but another inmate, Mr.
> Willie Milton, who filed the original complaint with the
> Clerk.
>
> . . . .
>
> . . . Mr. Milton submitted an unsigned complaint on
> Plaintiff's behalf to the Clerk, with the expectation
> that it would be accepted and then forwarded to Plaintiff
> for signature.   Facilitating the litigation process in
> this particular manner is not the function of the Clerk's
> office.
>
> . . . .
>
> Defendant has now moved to dismiss the instant case
> because Plaintiff's signed complaint, which he appears to
> have actually had a hand in preparing, was not submitted
> to the Clerk until March 11, 1996, well after the
> expiration of the period of limitations, which in the
> instant case would have expired on or around January 24,
> 1996, given that the allegedly actionable incident took
> place on January 24, 1994.
>
> This Court is of the opinion that this action should
> be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and
> 1915A(b)(1) since it is clearly time-barred, as adjudged
> from the face of the signed complaint that was submitted
> to the Clerk by Plaintiff himself. . . .    Thus, it
> appears to this Court that Plaintiff was rather dilatory
> in his attempt to file a civil rights complaint.   The
> last-minute efforts by Mr. Milton could have been avoided
> had Plaintiff simply acted earlier in order to get his
> complaint on file."

Gonzales filed objections to the magistrate judge's report and

recommendation.   The district court considered the objections and

reviewed the record *de novo*, and on August 13, 1997, issued an

4

opinion and order overruling the objections and adopting the report and recommendations. The district court stated in relevant part:

> "In his objections, Plaintiff offers a number of reasons for not complying with the notice of deficient pleading that was issued on January 23, 1996, which Plaintiff avers he received on January 27, 1996. Plaintiff explains the difficulties inherent in having an inmate from another prison location prepare his civil rights complaint, which he avers was necessary given his lack of legal knowledge. However, it must be noted that the individual who prepared the complaint is also a layperson and that the forms provided for these matters to the prison law libraries make preparation of civil rights complaints a relatively simple matter. Plaintiff then would rely on the alleged confiscation of his legal materials on or around January 31, 1996, to explain his failure to comply with the notice of deficient pleading. This Court accepts the truth of all of Plaintiff's averments in this regard, however, what Plaintiff does not explain is his delay in bringing suit in the first instance, given that the actionable event took place on January 24, 1994. As the magistrate judge remarked, the last-minute and after-the-fact problems that arose could have been avoided had Plaintiff brought suit in a more timely fashion."

On the same day, the district court entered a separate judgment dismissing the action. Gonzales timely appeals.

### Discussion

An IFP complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review such dismissals for abuse of discretion. *Id.* "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to §

5

1915." *Gartrell v. Gaylor*, 981 F.3d 254, 256 (5th Cir. 1993).

In this section 1983 action, the applicable limitations period is the two-year period provided by Texas law. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990); Tex. Civ. Prac. and Rem. Code § 16.003(a). The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The complaint alleges that Wyatt used excessive force on Gonzales on January 24, 1994. Gonzales does not argue that he did not on January 24, 1994, know of the injury made the basis of the suit or that, if not tolled, limitations did not begin to run January 24, 1994. He argues that limitations was tolled because of his imprisonment. However, that is a matter controlled by Texas law, and under Texas law imprisonment does not toll limitations. *Ali* at 439; *Burrell* at 418-19; Tex. Civ. Prac. and Rem. Code § 16.001. Limitations, if not tolled, generally continues to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office. *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987); Fed. R. Civ. P. 3. It is hence clear that unless Gonzales' complaint can be said to have been filed on or before January 25, 1996, the claims asserted therein are barred by limitations.

When the plaintiff causes his complaint to be delivered to the clerk's office for filing, it is for these purposes deemed filed

6

when received. *Id*. Likewise, when a *pro se* prisoner delivers his section 1983 complaint to the prison authorities for forwarding to the clerk of court, the complaint is, for limitations purposes, deemed filed at that time. *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995).

Here, the clerk's office on January 19, 1996, received from nonlawyer Milton, a prisoner at the Darrington Unit, a wholly unsigned complaint listing Gonzales—then confined at the French Robertson Unit—as the plaintiff and Wyatt as the defendant, complaining of the latter's use of excessive force on Gonzales on January 24, 1994. Fed. R. Civ. Proc. 11(a) provides in relevant part:

> "**(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

Fed. R. Civ. Proc. 5(e) concludes by stating "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."

Here, the district court in its June 1996 order expressly declined to adopt the magistrate judge's February 29, 1996, recommendation that the suit be dismissed without prejudice for

7

failure to comply with the January 23, 1996, notice requiring, *inter alia*, that a signed complaint be filed within thirty days. And in its August 13, 1997, order the district court accepted as adequate, at least *arguendo*, Gonzales' proffered reasons for not sooner complying with the January 23, 1996, notice. Consequently, had Gonzales himself mailed to the clerk, or given to the prison authorities for mailing to the clerk, the complaint received January 19, 1996, a reasonable argument could be made that Gonzales' signed complaint dated March 5, 1996, and filed March 11, 1996, should for limitations purposes be considered as having been filed January 19, 1996, or that, in the light of these events, the clerk's receipt of the complaint which was received January 19, 1996, stopped the running of limitations. *See, e.g., Adams v. Perloff*, 784 F.Supp. 1195, 1198-1200 (E.D. Pa. 1992) (limitations ran May 9; on April 30 plaintiff in person delivered his unsigned complaint to the clerk's office for filing; the clerk mailed it back to plaintiff for signing; plaintiff signed it and before May 4 mailed it back to the clerk for filing, where it was received May 10; held, signing and returning the complaint to the clerk was prompt for purposes of Rule 11(a) and thus "the complaint should be treated as having been lodged with the Court on April 30, 1991, when it was first given to the Clerk of Court").[1]

---

[1]We note one caveat. Under Texas law, "a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations" and

However, here the complaint which was received by the clerk January 19, 1996, was not only not signed by Gonzales (or anyone else), but it was not personally mailed or delivered in person by Gonzales, nor did Gonzales give it to the prison authorities for mailing or delivery to the clerk. Indeed, it appears that Gonzales did not ever even see, or have read to him, the complaint received by the clerk on January 19, 1996, until on January 26 or 27, 1996—*after* limitations had run—he for the first time received the complaint or a copy thereof from the clerk's office with the

---

"lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if plaintiff's excuse conclusively negates diligence." *Saenz v. Keller Industries of Texas, Inc*., 951 F.2d 665, 667 (5th Cir. 1992). This rule is applied to Texas law claims asserted in cases filed in federal courts in Texas. *See Walker v. Armco Steel Corp*., 100 S.Ct. 1978, 1986 (1980)*; Saenz; Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir. 1958). Any state law claims advanced by Gonzales might well be barred under this rule as here the submittal of an unsigned complaint plainly prevented issuance of citation within the limitations period. However, we have held that this Texas rule does not apply to section 1983 actions in Texas federal court. *Jackson* at 6. On the other hand, we have also seemed to apply it to such actions. *See Curry v. Heard*, 819 F.2d 130 (5th Cir. 1987). While *Board of Regents v. Tomanio*, 100 S.Ct. 1790 (1980), and *Hardin v. Straub*, 109 S.Ct. 1998 (1989), might be read as providing support by analogy for applying this Texas rule to Texas federal court section 1983 suits, language in *West v. Convail*, 107 S.Ct. 1538, 1541-42 & ns.4 & 6 (1987), written by Justice Stevens who also authored *Hardin*, clearly points the other way, although in *West* the borrowed limitations period was a federal one. In reliance on *West*, we recently held that this Texas rule does not apply to a Texas federal court suit so far as it asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S.Ct. 1999 (1971). *See McGuire v. Turnbo*, 137 F.2d 321, 323-24 (5th Cir. 1998). *McGuire* indicates that its result would apply to any cause of action based on federal law, presumably including federal court section 1983 actions.

January 23 notice.  Gonzales was never represented by counsel.

"The purpose of requiring [in Rule 11a] unrepresented parties to sign their pleadings . . . . was to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf."  5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1334 at 54-55 (footnote omitted); *Scarrella v. Midwest Federal Savings and Loan*, 536 F.2d 1207, 1209 (8th Cir. 1976); *Covington v. Cole*, 528 F.2d 1365, 1370 n.7 (5th Cir. 1976); *Huffman v. Nebraska Bureau of Vital Statistics*, 320 F.Supp. 154, 156 (D. Neb. 1970).  When the unsigned pleading or other paper is tendered to the clerk for filing by the *pro se* party himself, that purpose of Rule 11a may be sufficiently fulfilled to allow relation back if the party with reasonable promptness thereafter signs and refiles the document. *See Adams*.  But, where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-9 (2d Cir. 1991) (reviewing authorities).  As Judge Garza said in *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.3d 56, 59 (8th Cir. 1976) (appeal from multi-district litigation) (affirming in this respect on the basis

of the district court opinion), "28 U.S.C.A. § 1654 . . . only allows for two types of representation:  that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."  We have cited *Turner* with approval in this respect, *Southwest Express Co. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982), as has the Second Circuit.  *Eagle* at 1308.  Thus, we have held that a notice of appeal signed by a nonlawyer on his own behalf and on behalf of another effects an appeal only as to the signer.  *Theriault v. Silber*, 579 F.2d 302, 302 n.1 (5th Cir. 1978), *cert. denied* 99 S.Ct. 1236 (1979); *Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988); *Carter v. Stalder*, 60 F.3d 238, 239 (5th Cir. 1995).[2]  In *Smith*, we distinguished the situation where a nonlawyer signs the notice of appeal on behalf of another from that where the appellant named in the notice submits it, unsigned, to the clerk, observing that the former situation, but not the latter, is governed by the

---

[2]Other circuits are in accord.  *See, e.g., Knoefler v. United Bank of Bismark*, 20 F.3d 347 (8th Cir. 1994); *Covington v. Allsbrook*, 636 F.2d 63, 64 (4th Cir. 1980), *cert. denied*, 101 S.Ct. 1990 (1981).  *See also* 20 *Moore's Federal Practice (3d ed.)* § 303.21[3][b][iii][A], 303-43 ("A notice of appeal naming several pro se appellants, but signed by only one of them, does not initiate an appeal on behalf of the nonsigning appellants.  This rule is based on the fact that a nonlawyer appearing pro se cannot represent other parties . . . .") (footnote omitted).  A narrow exception is established by the provision of Fed. R. App. P. 3(c) that "A notice of appeal filed pro se is filed on behalf of the party signing the notice and the signer's spouse and minor children, if they are parties, unless the notice of appeal clearly indicates a contrary intent."

11

rule "that a layperson cannot represent other persons in filing a notice of appeal." *Id*. at 1043 n.1. And, where a nonlawyer purports to file a notice of appeal for another, no signing or ratification by the thus "represented" party *after* expiration of the Fed. R. App. P. 4(a) periods can be effective. *Carter* at 239.

Here, nonlawyer Milton, a prisoner confined in the Darrington Unit, mailed the unsigned complaint, which was received January 19, to the clerk, but Gonzales, who was then confined in the French Robertson Unit, hundreds of miles from the Darrington Unit, had not even seen the complaint (or had it read to him), did not see it until January 26 at the earliest, and prior to January 26 did nothing to ratify its filing or tender or to adopt it.[3] Consequently, when limitations expired on January 25, no complaint *by* Gonzales had been received by the clerk or delivered *by* Gonzales to the prison authorities for transmittal to the clerk. When Gonzales took action on March 4 or 5, limitations had already run (as it had when the prison authorities allegedly confined him to his cell and confiscated his papers on January 30 or 31).

The district court did not abuse its discretion in dismissing the suit as barred by limitations, and its judgment is accordingly

AFFIRMED.

---

[3]In these circumstances, it is irrelevant that Gonzales may have previously in some way "authorized" Milton to draft for him a complaint against Wyatt respecting the January 24, 1994, incident and mail it to the clerk.

12