IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-20691
Conference Calendar

---

DELORES MAXINE LAW,

Plaintiff-Appellant,

versus

STATION KRIV CHANNEL 26 FOX; RANDY WALLACE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-357
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Delores Maxine Law ("Law"), Texas prisoner #779426, appeals the district court's dismissal of her 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. The district court determined that Law's claims were untimely and that Law had failed to allege that she had been deprived of a constitutional right by a party acting under color of state law.

When it is clear from the face of an in forma pauperis ("IFP") complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).
Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Law's § 1983 suit is subject to Texas' two-year statute of limitations for personal injury actions. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); see also Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Under federal law, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. See Rodriquez, 963 F.2d at 803.

Since Law sustained her most recent alleged injury on December 16, 1996, Law presumably was aware of all her injuries by that date. Even if Law's § 1983 complaint were deemed filed on January 21, 1999, the date Law signed it, the complaint would have been filed more than two years and one month after the date on which Law's cause of action accrued. Accordingly, it is clear from the face of Law's complaint that her claims were barred by the applicable statute of limitations. Therefore, the district court did not abuse its discretion in dismissing the action or in declining to hold a Spears hearing. See Gonzales, 157 F.3d at 1019. Because the instant appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. Law's motion seeking the appointment of counsel is denied.

The lower court's dismissal of Law's complaint as frivolous and this court's dismissal of the appeal as frivolous count as two "strikes" for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Law accumulates

three "strikes" under § 1915(g), she will not be able to proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  See id.; § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.