IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30289
Conference Calendar

_____

RENWICK GIBBS,

Plaintiff-Appellant,

versus

KELLY WARD, Warden;
BUTCH BELLINGER, Wade Correctional Center,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1403
--------------------
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:*

Renwick Gibbs (Gibbs), California prisoner #93210828, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e). Applying Louisiana's one-year statute of limitations for tort actions, the district court concluded that Gibbs was aware of his alleged injury in 1996 and therefore, his § 1983 claim, filed in 1999, had prescribed.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When it is clear from the face of an *in forma pauperis* ("IFP") complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998). The dismissal of an IFP complaint as frivolous is reviewed for an abuse of discretion. Id. at 1019.

Gibbs essentially argues that the one-year statute of limitations applicable to his § 1983 claim should have been tolled while he was incarcerated at the David Wade Correctional Center because, during this time, prison officials threatened to kill him if he pursued his claim. We do not consider the other threats allegedly made by DWCC prison officials, namely that prison officials threatened to put Gibbs in lock-down and never let him go back to California if he pursued his claim, as these facts were not before the district court. Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Gibbs alleges that it was not until he left Louisiana, when he no longer feared for his life, that he brought this claim. Gibbs's argument is conclusional and unsupported. Moreover, Gibbs does not allege when he left Louisiana. Gibbs also does not provide any authority for his position that the statute of limitations should have been tolled. Accordingly, even if the circumstances of this case would warrant tolling of the limitations period, the district court could not determine how long the period was tolled for or how long after the limitations period began, Gibbs actually filed his complaint.

Because Gibbs's appeal is without arguable merit and is frivolous, it is DISMISSED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Our opinion today in <u>Gibbs v. Foster</u>, No. 00-30293, also notified Gibbs that he had accumulated two strikes. Gibbs has therefore accumulated four strikes, and he is barred from proceeding IFP in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

Gibbs's motion requesting that we order Gibbs and the defendants to take lie detector tests is DENIED AS MOOT.

APPEAL DISMISSED AS FRIVOLOUS; § 1915(g) SANCTIONS IMPOSED; MOTION DENIED AS MOOT.