IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50424
Conference Calendar
_____

JERRY DEWAYNE STILL,

Plaintiff-Appellant,

versus

RICHARD STRELSKY, Correctional Officer 3;
JAMES EASLEY; DELPHIS BENOIT; CHARLES BELL,
Warden; RICHARD TEDFORD; ET AL,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-80
- - - - - - - - - -
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Jerry Dewayne Still, Texas prisoner #714431, has filed a

motion for leave to proceed in forma pauperis ("IFP") on appeal.

By moving for IFP, Still is challenging the district court's

determination that IFP should not be granted on appeal because

his appeal from the district court's dismissal of his civil-

rights complaint, filed pursuant to 42 U.S.C. § 1983, is not

taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th

Cir. 1997). Still's contention that he was prevented from timely

_____

        [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

filing his complaint by the prison library's failure to provide him with writing materials is patently frivolous. His contention that he filed the same complaint earlier, but that it was dismissed for failure to submit enough copies is also frivolous.

Still's challenge to the district court's certification decision lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith. See Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)(lack of nonfrivolous issue on appeal precludes finding of "good faith" for purposes of 28 U.S.C. § 1915 and FED. R. APP. P. 24).

Accordingly, Still's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the dismissal of his § 1983 complaint in district court. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Another strike was earned when a prior § 1983 complaint was dismissed as frivolous by the district court. See Still v. Wessling, No. 7:99-CV-62-R (N.D. Tex. 2000). Still therefore has three strikes and under § 1915(g), he is precluded from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; THREE-STRIKES BAR IMPOSED; APPEAL DISMISSED.