NO. 12-01-00011-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BRYONE ARNOLD,
§
 APPEAL FROM THE 114TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


WAL-MART DEPARTMENT STORE

AND DAVID WILSON,

APPELLEES
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Appellant Bryone Arnold ("Appellant") appeals the trial court's decision to grant Appellees'
Wal-Mart Department Store and David Wilson ("Appellees") motion for summary judgment. Appellant
contends that the trial court erred in deciding that his case was barred by the two-year statute of
limitations. We affirm.

 Appellant, a prison inmate, filed a pro se lawsuit against Appellees alleging that he was arrested
and falsely imprisoned. Appellant further alleged that he was the victim of excessive force and
intentional infliction of emotional distress. This litigation began when Appellant filed suit initially in
the United States District Court for the Eastern District of Texas on October 26, 1998. The lawsuit was
dismissed as frivolous on January 27, 1999. On October 27, 2000, Appellant filed an identical lawsuit
in the 114th District Court of Smith County. Appellees filed an original answer in which they pleaded
the affirmative defense of statute of limitations. They also filed a motion for summary judgment urging
the causes of action were barred by the statute of limitations. A hearing on the motion for summary
judgment was held on January 12, 2001. The trial court granted Appellees' motion for summary
judgment.

 A trial court should grant a motion for summary judgment if the moving party establishes that
no genuine material fact issue exists and it is entitled to judgment as a matter of law. See Tex. R. Civ.
P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). If a defendant establishes
all the elements of an affirmative defense, a trial court should grant a summary judgment. American
Tobacco Co. v. Grinnel, 951 S.W.2d 420, 425 (Tex. 1997). When we review a summary judgment,
we must accept all allegations of non-movant as true, indulge every reasonable inference, and resolve
any doubts in favor of the non-movant. Natividad v. Alexis, Inc. 875 S.W.2d 695, 699 (Tex. 1994).

 Appellant alleged that the incident which gave rise to his lawsuit occurred on July 27, 1998. 
He filed the lawsuit on appeal on October 27, 2000. From the face of the pleadings and the record, we
can determine that more than two years had elapsed between the two dates. However, Appellant
contends that the two-year statute of limitations was tolled in three instances.

 First, Appellant proposes that the statute was tolled because he filed first in federal court.
However, section 16.064 of the Texas Civil Practices and Remedies Code, which concerns instances
where the statute of limitations is suspended, does not afford Appellant the relief he claims. The
maximum relief available to Appellant under the two-year statute of limitations would have been sixty
days. See Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a) (2) (Vernon 1986). In other words, he could
have re-filed the case in state court within the sixty-day period, the running of the statute would have
been suspended, and he would not have been subject to limitations. He waited nineteen months to file
the case in state court. 

 Secondly, he contends the "discovery rule" tolled the running of the statute. The "discovery
rule" tolls the statute in situations "in which the alleged wrongful act and resulting injury were
inherently undiscoverable at the time they occurred." See S.V. v. R.V., 933 S.W.2d 1, 6-7 (Tex.
1996). Appellant never raised the "discovery rule" in his pleadings and therefore cannot assert the
argument here. Tex. R. Civ. P. 94. Even if he had, his contentions are without merit since he
alleged his cause of action arose on the date he was arrested, a date which was easily ascertainable.

 Lastly, Appellant argues that since he is in prison, he is entitled to have the statute tolled. 
Texas law does not provide that imprisonment tolls the running of the limitations period. Gonzales
v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998); Tex. Civ. Prac. & Rem. Code Ann. §§
16.001(Vernon 1987) and 16.003(a)(Vernon 1997). Appellant's issue is overruled.

 The judgment of the trial court is affirmed.


Opinion delivered January 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


























 









(DO NOT PUBLISH)