IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20711
Summary Calendar
_____

TERRY L. WEBB, SR.,

Plaintiff-Appellant,

versus

JAMES CALHOUN; GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; ALLEN HIGHTOWER;
LANNETTE LINTHICUM; OWEN MURRAY; GLENDA ADAMS; H. T. DAO, M.D.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1666
--------------------
January 30, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry L. Webb, Sr., Texas prisoner # 759716, appeals from
the district court's dismissal with prejudice of his civil-rights
lawsuit, filed pursuant to 42 U.S.C. § 1983, under 28 U.S.C.
§ 1915(e)(2). Because Webb was not proceeding in forma pauperis,
the district court's dismissal of the instant lawsuit under
28 U.S.C. § 1915(e)(2) was erroneous. See Bazrowx v. Scott,
136 F.3d 1053, 1054 (5th Cir. 1998). The question before this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court is whether such dismissal would have been alternatively authorized under 28 U.S.C. § 1915A(b), which applies regardless whether the plaintiff has paid a filing fee. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998). This court reviews dismissals under § 1915A de novo. See id. at 275.

In a 42 U.S.C. § 1983 civil-rights lawsuit, state law supplies the limitations period while federal law determines when a civil rights action accrues. See Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999). The applicable statute of limitations in Texas is two years. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1999). A cause of action accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (internal quotation marks and citation omitted).

The district court, relying on Webb's initial complaint and a subsequent more definite statement, correctly determined that Webb's claim, as to his hyperthyroidism, arose from the events of January 1997. The pleadings also establish that by August 1998, Webb was aware that the delay in his treatment had caused the development of Graves' ophthalmopathy and other eye problems. Also, in his appeal brief, Webb concedes that he became aware of the injuries he allegedly received as a result of delayed medical care in August 1998. He acknowledges that Texas's two-year

limitation period is applicable and that he filed the instant lawsuit in May 2001.

It was apparent from the face of the complaint that it is barred by the applicable limitations period.  Accordingly, dismissal under 28 U.S.C. § 1915A(b)(1) was appropriate.  See Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).  The district court's judgment of dismissal is AFFIRMED.