United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-10592
Summary Calendar

SAMMY K. SHIPMAN,

                                                             Plaintiff-Appellant,

versus

JOHN DOE, No. 001 San Angelo Police Department;
PAUL KINYON, Pharmacist HEB; GERALD A. FOHN, District
Attorney Tom Green Co. Texas; FRANK D. BROWN, Assistant
District Attorney Tom Green Co. Texas; WILLIAM MOORE,
Attorney at Law; CURT F. STEIB, Senior District Judge
Tom Green County Texas; TX TOM GREEN COUNTY; SHERI
WOODFIN, District Clerk Tom Green County Texas,

                                                             Defendants-
                                                  Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CV-00001
--------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

        Sammy K. Shipman, Texas prisoner #583548, appeals the district court's dismissal with

prejudice of his 42 U.S.C. § 1983 complaint as frivolous.   Shipman argues his arrest was

_____

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional because a pharmacist cannot dispense medication for the purpose of a police investigation; the prosecutors, his defense counsel, and the clerk of court are not absolutely immune from suit for monetary damages; the trial judge is not absolutely immune from suit for declaratory and injunctive relief; the district court erred in denying his motion to amend his complaint; the district court erred in finding his claims were barred by the statute of limitations; and the county is liable for the acts of its officials who conspired to violate his constitutional rights. He has abandoned his claim that the county is liable for keeping an "open file." See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the district court's dismissal of Shipman's complaint as frivolous for an abuse of discretion. Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998). The dismissal of Shipman's claims for monetary, declaratory, and injunctive relief, based upon the defendants' alleged conspiracy to unconstitutionally arrest, convict, and imprison him, was not an abuse of discretion. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir. 1995); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); see also Bounds v. Smith, 430 U.S. 817, 821 (1977). Moreover, as the claims sought to be raised in Shipman's amended complaint were frivolous, the failure of the district court to consider those claims was harmless. See FED. R. CIV. P. 15(a); FED. R. CIV. P. 61; Heck, 512 at 486-87; Gonzales, 157 F.3d at 1019; TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Shipman's appeal is without arguable merit and is DISMISSED as FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Shipman's complaint under 28 U.S.C. § 1915 and this court's dismissal of his appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388

(5th Cir. 1996).  We caution Shipman that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Shipman's motion to expedite his appeal is DENIED.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED; MOTION DENIED.