United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21159
Conference Calendar

_____

WILLIE GARY BATEMAN,

Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS & PAROLES;
MEMBERS OF TEXAS BOARD OF PARDONS AND PAROLES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-4376
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Willie Gary Bateman, Texas prisoner #426450, appeals the
district court's sua sponte dismissal of his pro se, in forma
pauperis 42 U.S.C. § 1983 complaint as frivolous and for failure
to state a claim under 28 U.S.C. § 1915(e)(2)(B).  A district
court may dismiss a 42 U.S.C. § 1983 complaint sua sponte under
28 U.S.C. § 1915(e)(2)(B) when the complaint demonstrates that
the claims asserted are barred by the applicable statute of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations.  Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Bateman's cause of action accrued on April 7, 1999, when he knew or had reason to know of the injury which formed the basis of his complaint.  See Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)(Vernon 2003).  Bateman filed his complaint in October 2003.  Under these circumstances, the district court did not err in dismissing Bateman's complaint as frivolous and for failure to state a claim.  See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).  Accordingly, Bateman's appeal is DISMISSED as frivolous.  See 5TH CIR. R. 42.2.  Bateman's motion for the appointment of counsel is also DENIED.

Bateman is cautioned that the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and this court's dismissal of the appeal as frivolous both count as strikes pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bateman is warned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTIONS WARNING ISSUED.