# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2012

No. 11-20515
Summary Calendar

Lyle W. Cayce
Clerk

MARSA HALL,

Plaintiff–Appellant,

v.

ADMINISTRATOR FRANK HOKE; ROBERT H. QUADA; KELLY STRONG,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4765

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marsa Hall, Texas prisoner # 540183, appeals the dismissal of his 42 U.S.C. § 1983 complaint against prison officials for violating his right of access to the courts. The district court dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Hall also moves to supplement the record on appeal with evidence that he contends shows that prison officials have continued to deny him his right of access to the courts and retaliate against him for exercising that right.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hall may not supplement the record pursuant to Federal Rule of Appellate Procedure 10(e)(2) with evidence that was not presented to the district court. *See* FED. R. APP. P. 10(e)(2); *United States v. Smith*, 493 F.2d 906, 907 & n.1 (5th Cir. 1974). His motion is DENIED.

We pretermit consideration of whether Hall's claim was unexhausted because he has failed to show that the district court abused its discretion in dismissing his complaint as frivolous. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Johnson v. Johnson*, 385 F.3d 503, 522, 526 (5th Cir. 2004); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

Hall contends that his state suit was dismissed and his appeals of that dismissal were unsuccessful because he failed to comply with state procedural rules. He argues that he was unaware of the rules because he was not able to freely consult with other inmates in the law library due to the prison's no-talking-without-permission rule. He also argues that the state attorney who defended the state suit failed to serve him with a copy of the state's motions, which would have provided him with notice of the procedural deficiency in his suit.

A prisoner has a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on a claim for denial of access to the courts, the prisoner must establish that he was prejudiced by the alleged violation by showing that his ability to pursue a nonfrivolous legal claim was hindered by the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Hall's claim is premised on the contention that the only way he could have been made aware of the state procedural rules was if he had been allowed to consult with other inmates in the law library without restriction. Neither logic nor Hall's allegations support such a contention. Hall alleged that he was not aware of the rules because he could not freely consult with other inmates in the law library. However, he conceded that he could freely speak to other inmates

outside the law library and did in fact consult with other inmates about legal matters outside the law library. Hall's allegations thus fail to demonstrate that the no-talking-without-permission rule prejudiced his ability to file and pursue his state suit. Accordingly, the district court did not abuse its discretion in dismissing the claim as frivolous since it lacked an arguable legal basis. *See Gonzales*, 157 F.3d at 1019.

Hall's assertion that the no-talking-without-permission rule violates prison policy also fails to raise a constitutional violation. *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

Any claim against the state attorney who defended Hall's state suit will not be considered. Hall does not challenge the district court's determination that he failed to name the state attorney as a defendant, waiving consideration of the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is AFFIRMED.