# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2012

Lyle W. Cayce
Clerk

No. 11-30942
Summary Calendar

MICHAEL WALKER,

Plaintiff-Appellant

v.

MALISE PRIETO, Clerk of Court; BETTY VENTURELLA, C.S.R., Certified
Reporter, 22nd Judicial District Court; SCOTT GARDNER, Assistant District
Attorney, Parish of St. Tammany, State of Louisiana,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2541

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Walker, Louisiana prisoner # 93207, appeals the dismissal of his
42 U.S.C. § 1983 complaint as frivolous.

An in forma pauperis complaint may be dismissed pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) if it is frivolous. A claim is frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

if it does not have an arguable basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

Walker claimed that Defendants intentionally altered the transcript of the 1994 guilty plea hearing involving his convictions for possession of cocaine and aggravated battery. To the extent that his claim would implicate the validity of his criminal convictions, which have not been invalidated, the district court did not err by dismissing Walker's § 1983 complaint as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and therefore frivolous.

In the alternative, the district court did not err by dismissing Walker's § 1983 complaint as time barred and therefore frivolous. "In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts. In accordance with applicable Louisiana law, we apply a one-year liberative prescriptive period to these claims." *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007) (internal citation omitted) (citing LA. CIV. CODE ANN. art. 3492). Therefore, contrary to Walker's argument, the district court correctly applied the one-year prescriptive period in Louisiana Civil Code article 3492.

A § 1983 claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (internal quotation marks and citations omitted). Walker concedes that his claim accrued in 2004. He has failed to establish that he was entitled to tolling of the prescriptive period for the time period during which he was exhausting administrative remedies. *Cf. id.* at 157-58. Therefore, Walker's § 1983 complaint was time barred as he did not file suit until 2010, well after the one-year prescriptive period expired.

The district court's judgment is AFFIRMED.