# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2020

Lyle W. Cayce
Clerk

CHARISE L. LOGAN,

      Plaintiff - Appellant

v.

HOMELAND SECURITY; CENTRAL INTELLIGENCE AGENCY; UNITED
STATES DEPARTMENT OF DEFENSE; PRESIDENT TRUMP, Honorable;
GEORGE D. BUSH, Honorable; BARAK OBAMA, Honorable; MICHELLE
OBAMA, Honorable; GEORGE NLN; CALVIN B. DAVIS; WENDY LOGAN;
OVERLAND PARK KANSAS POLICE DEPARTMENT; ARLINGTON
POLICE DEPARTMENT; FORT WORTH POLICE DEPARTMENT;
BLOOMINGTON MINNESOTA POLICE DEPARTMENT; RICHFIELD
MINNESOTA POLICE DEPARTMENT; DON EILTS; EDMON
WITHERSPOON; US ARMY SIGNAL CORPS; UNITED STATES MARINE
CORPS; CITY OF GRAND PRAIRIE; DFW INTERNATIONAL AIRPORT;
BALLY'S FITNESS FOR LA FITNESS; WALMART; KROGER; EULESS
CAR AUCTION; CARMAX; A T& T STADIUM,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1908

No. 19-11208

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Charise Logan appeals the district court's judgment dismissing her appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2). We AFFIRM.

## I.

On August 9, 2019, Logan filed a 400-page *pro se* complaint in federal district court seeking money damages for alleged violations of several federal statutes related to cyber stalking, violence against women, computer hacking, wire taps, obstruction of justice, and numerous other issues. She named as defendants the Department of Homeland Security, the CIA, the United States Department of Defense, President Trump, George Bush, Barack Obama, Michelle Obama, Calvin B. Davis, Wendy Logan, the Overland Park Kansas, Arlington, Fort Worth, Bloomington Minnesota, and Richfield Minnesota Police Departments, Don Eilts, Edmon Witherspoon, the U.S. Army Signal Corps, the United States Marine Corps, the City of Grand Prairie, DFW Airport, "Bally's Fitness for LA Fitness," Walmart, Kroger, Euless Car Auction, Carmax, and AT&T Stadium. Logan filed 523 pages of exhibits to accompany her complaint. She asserted numerous claims against the named defendants including but not limited to their "unauthorized testing" and monitoring of her and that they used "cyberspace brainwashing video footage played into the atmosphere" to monitor her and prevent her from obtaining employment. She also claimed the defendants have targeted her in eleven different states and have illegally accessed her motor vehicles through cyberspace to impair her driving ability. She further claimed that the defendants use cyberspace to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11208

monitor her location with the intent to inject her with certain medical issues and conditions such as diabetes, memory loss, herpes, and HIV. She further alleged that various individuals impersonated her to deceive the public regarding her mental health condition. The district court permitted Logan to proceed *in forma pauperis* but withheld process pending judicial screening.

On October 22, 2019, the district court summarily dismissed Logan's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on grounds that it "lack[ed] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Logan now appeals to this court. The essence of her argument on appeal is that the district court erred in dismissing her complaint as frivolous.

## II.

"We review a district court's dismissal of an *in forma pauperis* complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). As noted by the district court, "a claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Id.* (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998)).

## III.

After considering the arguments as briefed on appeal,[1] and after reviewing the record and the applicable law, we AFFIRM the district court's judgment dismissing Logan's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] For obvious reasons, none of the named appellees have filed a response brief on appeal.

3