# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-51218
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2023

Lyle W. Cayce
Clerk

JOHN DESMARAIS,

*Plaintiff—Appellant*,

*versus*

BELL COUNTY JUSTICE COMPLEX; SHERIFF EDDY LANGE;
FANSY JESEK; DAVID BARFIELD; GINESE GILBERT; HENRY
GARZA,

*Defendants—Appellees*,

_____

JOHN DESMARAIS,

*Plaintiff—Appellant*,

*versus*

BELL COUNTY JUSTICE COMPLEX; KEN KALAFUT; DR. FRANK
A. PUGLIESE; FANSY JEZEK; SANDRA MCCLOUD WRIGHT;
MICHAEL WALDMAN; STEPHEN J. DEBYE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-1086
USDC No. 6:21-CV-1087

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

John Desmarais, Texas prisoner # 2314327, filed two civil rights complaints related to his pretrial detention at the Bell County Justice Complex beginning in February 2016. The district court granted Desmarais's motion to consolidate the two actions. It determined that Desmarais's claims are time-barred, and it dismissed the consolidated complaint as frivolous pursuant to 28 U.S.C. § 1915(e). *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Our review is for an abuse of discretion. *See id.* at 1019.

Desmarais has argued the merits of his constitutional claims only. The time-bar issue is unbriefed, and Desmarais has not shown that the district court abused its discretion. *See id.*; *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (noting that, although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them, and issues which are not adequately briefed are waived); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that this court "will not raise and discuss legal issues" that an appellant "has failed to assert"). Because the appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2.

The district court's dismissal of Desmarais's consolidated complaints as frivolous and this court's dismissal of Desmarais's appeal count as two

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds, Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Desmarais has at least one other civil action that was dismissed as frivolous. *See Desmarais v. State of Tex. Med. Bd.*, No. 6:21-CV-1283-ADA (dismissed as frivolous Feb. 7, 2022). That decision also counts as a strike under § 1915(g). Because Desmarais has at least three strikes, he is now subject to the § 1915(g) filing bar and, accordingly, may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; § 1915(g) BAR IMPOSED.