# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2023

Lyle W. Cayce
Clerk

———————

No. 23-20060
Summary Calendar

———————

LaTorrence Torell Newman,

*Plaintiff—Appellant*,

*versus*

Rodger Bowers, *Warden*; Julia Rodriguez, *Major*; Doctor Paul A. Hindmon; Robin Rothrock, *Doctor*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1649

———————————————————————

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

LaTorrence Torell Newman, Texas prisoner #2030330, moves to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint against Warden Rodger Bowers, Major Julia Rodriguez, Dr. Paul Hindmon, and Dr. Robin Rothrock regarding his treatment while in the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Wynne Unit for failure to state a claim or as moot. He also moves for the appointment of counsel.

Newman argues that his correspondence with Wynne Unit prison officials regarding compliance with his previous settlement agreement was ignored and that he faced retaliation. However, he has not demonstrated a nonfrivolous issue regarding the district court's determination that his claims based on the defendants' failure to comply with the settlement agreement failed to state a claim because he did not allege that they violated any of his rights when officials cut other inmates' facial hair and because he could not act as counsel for other inmates. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). To the extent that he newly alleges retaliation on appeal, he may not do so. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

He also contends that when he was transferred to the Johnson Unit on December 16, 2022, Officer Eagan made him shave off his goatee, even though he showed Eagan proof that he had won his settlement. However, he did not include the facts or defendants involved in this intervening incident in his amended complaint or in his response to the court's order for a more definite statement, and he may not raise new claims for the first time on appeal. *See id.*

Newman's argument regarding mootness involves only his claims regarding the facial-hair policy, which were not dismissed as moot, rather than his claims against Hindmon and Rothrock regarding their refusal to help him move to a dormitory after he complained of secondhand K-2 smoke from his cellmates, which were dismissed as moot. Thus, he fails to meaningfully brief this issue, and it is abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even

if his argument could be read as a challenge to the district court's ruling on this claim against Hindmon and Rothrock, Newman does not meaningfully challenge the district court's alternative determination that he failed to state a claim because there was no indication that Hindmon and Rothrock had any ability to affect his cell assignment. Additionally, his arguments that Bowers and Rodriguez ignored his requests to move him out of a cell with secondhand smoke do not address the district court's determination that he failed to state a claim regarding this issue because he did not have a liberty interest in being housed in a particular facility. Any challenge to this determination is also abandoned. *See Hughes*, 191 F.3d at 613; *Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Likewise, Newman does not challenge the district court's determinations that (1) he failed to state a claim against Bowers and Rodriguez in their official capacities because they were entitled to Eleventh Amendment immunity, and (2) he failed to state a claim regarding his argument that Rodriguez violated prison policy. Thus, he has abandoned these issues as well. *See Hughes*, 191 F.3d at 613; *Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Because Newman fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Additionally, his motion for the appointment of counsel is DENIED, and, to the extent he moves for summary judgment, his motion is DENIED.

This dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537

No. 23-20060

(2015). Newman is WARNED that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).