# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2025

Lyle W. Cayce
Clerk

No. 25-30164

Charles Edward Taylor,

*Plaintiff—Appellant*,

*versus*

GeJoan Garrett, *Child Support Enforcement - Department Representative*; Felicia Higgins, *Child Support Enforcement - Hearing Officer*; Leslie Joy Jackson, *Custodial Parent*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2924

_____

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Charles Edward Taylor moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his pro se 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In that complaint, which he filed on December 19, 2024, Taylor claimed that the defendants had violated his due process and equal protection rights and committed fraud under Louisiana law

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

during child support proceedings that commenced in September 2003. The district court dismissed the § 1983 claims with prejudice as time barred and dismissed the state-law fraud claim without prejudice for lack of subject matter jurisdiction.

Through his IFP motion, Taylor challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Taylor challenges only the time-bar dismissal of his § 1983 claims; he does not address, and has therefore abandoned any challenge to, the dismissal of his state-law fraud claim for lack of jurisdiction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

When his pro se brief is liberally construed, Taylor asserts that he is entitled to tolling under the doctrine of *contra non valentem* because his complaint contained sufficiently specific allegations of fraudulent actions by the defendants—including forging his signature on certain documents—to show that he was prevented from timely filing suit. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016) (observing that, under Louisiana law, *contra non valentem* tolling applies, in relevant part, when act of defendant effectually prevents plaintiff from availing himself of cause of action). However, an exhibit attached to Taylor's complaint and cited by the district court shows that he knew of the alleged injuries which form the basis of this action (and that his claims therefore accrued) no later than January 6, 2014, when he attended a hearing at which he was ordered to pay child support arrears. *See id.* at 421; *see also* FED. R. CIV. P. 10(c) (providing that pleading exhibits are part of pleading).

No. 25-30164

Taylor offers no explanation how his arguments before the district court established that the defendants' fraudulent acts prevented him from filing his § 1983 claims after he became aware of those injuries. *See Smith*, 827 F.3d at 422. He therefore fails to identify a nonfrivolous issue regarding whether the district court abused its discretion in determining that *contra non valentem* tolling does not render his § 1983 claims timely filed. *See id.*; *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Howard*, 707 F.2d at 220.

Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Taylor's motion to excuse an improper filing and for leave to file a corrected pleading is DENIED as unnecessary, and his motions for appointment of counsel and to expedite his appeal are DENIED.