United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30293
Summary Calendar

_____

KENNETH R. BRADFORD,

                              Plaintiff-Appellant,

versus

KATHLEEN E. PETERSON; DANNY E. MIXON; TODD HERNANDEZ,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-809
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

    Kenneth R. Bradford, East Baton Rouge Parish Prison inmate
# 100094, appeals from the dismissal of his 42 U.S.C. § 1983
suit, alleging claims of kidnaping, false imprisonment, and
illegal arrest. See 28 U.S.C. § 1915A. Under § 1915A(b)(1)
& (2), a district court is to review a prisoner's complaint and
to dismiss the complaint if it "is frivolous, malicious, or fails
to state a claim upon which relief may be granted" or if it
"seeks monetary relief from a defendant who is immune from such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief." § 1915A(b)(1)(2). This court reviews dismissals under § 1915A de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

The district court did not err in dismissing Bradford's claims against Judge Hernandez on grounds of absolute judicial immunity because the alleged acts of Judge Hernandez were judicial in nature and were not taken in the complete absence of subject matter jurisdiction. See Ballard v. Wall, 413 F.3d 510, 515-17 (5th Cir. 2005); Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Malina v. Gonzales, 994 F.2d 1121, 1124-25 (5th Cir. 1993). Nor did the district court err in dismissing Bradford's claims against Peterson because her alleged acts were in furtherance of the prosecution of the case. See Brooks v. George County, Miss., 84 F.3d 157, 168 (5th Cir. 1996); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).

Because it was apparent from the face of Bradford's complaint that his claims against Mixon are time-barred, the district court's dismissal of those claims under § 1915A(b)(1) was appropriate. See Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

AFFIRMED.