# United States Court of Appeals

## For the First Circuit

No. 02-2300

SANTOS DE AZA-PAEZ,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

Santos De Aza-Paez on brief pro se.
H.S. Garcia, United States Attorney, Sonia I. Torres, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

September 15, 2003

**Per Curiam**. Defendant-appellant Santos de Aza-Paez (Santos) appeals from the denial of his petition pursuant to 28 U.S.C. § 2255. The district court denied the petition as untimely. We vacate and remand for the following reasons.

The undisputed facts are that Santos directed the president of a paralegal service to file his habeas petition, which arrived within the one-year deadline following the denial of his petition for certiorari. The petition was unsigned and accompanied by a memo from the paralegal service stating that Santos had requested that the agency forward his petition, the circumstances preventing Santos from sending the petition, and an averment that a signed petition would follow. The district court returned the petition to the paralegal service with notification that it was unsigned. Upon completion of his transfer between prisons, Santos filed the same petition and signed it. However, the filing date for this signed petition was one month after the one-year deadline. The district court determined that this petition was untimely.

Title 28 U.S.C. § 1654 provides that, in all courts of the United States, "the parties may plead and conduct their own cases personally or by counsel. . . ." In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that all pleadings and motions be signed by the party or by the party's attorney. However, Rule 11(a) provides that an unsigned paper will not be stricken for lack of signature if it is corrected promptly.

Admittedly, until quite recently this court like a number of others took the view that an unsigned document such as a notice of appeal was a legal nullity, Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000), and the district court's disposition accorded with that view.  However, recent case law has viewed lack of signature as a technical error.  See e.g., Becker v. Montgomery, 532 U.S. 757, 768 (2001) (omission of signature on timely filed notice of appeal is a curable error which does not constitute a jurisdictional bar to pursuit of appeal); Casanova v. DuBois, 289 F.3d 142, 146 (1st Cir. 2002) (omission of co-plaintiffs' signatures on notice of appeal is curable in light of Becker and the court's obligation to read pro se complaints generously).

In the instant case, the timely habeas petition was not signed by a pro se plaintiff or his attorney.  However, there was no doubt about who was filing or what judgment was attacked.  Furthermore, the initial filing, together with the signed petition, demonstrate the assent of Santos to the petition.  As a result, the signed copy of the same petition, received a month after the deadline for a habeas filing had passed, cured the timely, but unsigned petition.

For these reasons, we conclude that Santos's petition pursuant to 28 U.S.C. § 2255 is timely.  We therefore remand to the district court for consideration of the underlying claims in Santos's §2255 petition.

<u>Reversed and remanded</u>.