[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 06-13982

————————————————

D.C. Docket Nos. 04-00396-CV-1-CB-C & 95-00176-CR-1-C

GEORGES MICHEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama

————————————————

**(March 11, 2008)**

Before BIRCH, CARNES and COX, Circuit Judges.

COX, Circuit Judge:

## I. OVERVIEW

Georges Michel appeals the district court's judgment dismissing as time-barred

his 28 U.S.C. § 2255 motion to vacate his sentence. Michel's original § 2255 motion

was filed before the statute of limitations ran, but because it was unsigned, the district court clerk did not file and docket it until Michel provided a signed copy after the statutory deadline. Michel contends that amended Rule 3(b) Governing § 2255 Proceedings requires reversal. This amended rule requires the district court clerk to file and docket a § 2255 motion upon receipt, even if it does not meet certain technical requirements, such as a signature. Whether this amended rule applies in this case is at issue.

## II. FACTS

In 1997, Michel was charged in a thirteen-count superseding indictment in the Southern District of Alabama for violation of federal drug laws. A jury convicted him on all counts, and he was sentenced to 400 months' imprisonment. On appeal, we reversed Michel's conviction on one count and vacated his sentences on all remaining counts. The district court subsequently re-sentenced Michel to 360 months' imprisonment, and we affirmed both the convictions and the new sentences. Michel's convictions and sentences became final on May 27, 2003.[1]

---

[1] When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. *Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075 (2003). A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered. Sup. Ct. R. 13. Here, we entered judgment affirming Michel's conviction on February 26, 2003, no petition for writ of certiorari was filed, and so the judgment became final 90 days later, on May 27, 2003.

On May 20, 2004, James Armstrong, one of Michel's co-defendants who was incarcerated in a different prison, mailed the district court several documents on behalf of himself and a § 2255 motion on behalf of Michel. Michel's motion had "Georges Michel" typed on the line designated "Signature of Movant." No signature appeared on the line designated "Signature of Attorney (if any)."

The district court clerk mailed the motion to Michel with a letter explaining that the court would not accept an unsigned § 2255 motion. Michel sent several unsigned copies of the motion back to the clerk, which the clerk again returned to him, with instructions that the motion must be signed. On June 17, the clerk received, filed, and docketed a signed copy of Michel's § 2255 motion dated May 20, 2004.

On May 22, 2006, the district court dismissed Michel's § 2255 motion as time-barred because it was not properly filed by May 26, 2004,[2] the day on which the statute of limitations ran. The court said, citing Fed. R. Civ. P. 11 and *Gonzales v. Wyatt*, 157 F.3d 1016 (5th Cir. 1998), that an unsigned pleading is null and held that "[w]hen a nonlawyer purports to file a timely pleading on another party's behalf but

---

[2]As noted above, it is unclear whether the district court received the first § 2255 motion on May 26 or 27, the latter day being the day after the deadline to file. However, the date of receipt does not affect this motion's timeliness; the first § 2255 motion was timely because it was mailed before the deadline. "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rules Governing Section 2255 Proceedings R. 3(d) (2006).

the pleading is not properly signed until after the filing deadline has passed, the pleading is untimely." (R.730 at 2.)

Michel filed a timely notice of appeal, which the district construed as a motion for a certificate of appealability ("COA") and denied. He filed a motion for a COA with this court, which we granted.[3]

### III. ISSUE ON APPEAL

We granted a COA on the following issue:

Whether the district court erred in finding that Michel's § 2255 motion was time-barred, when Michel filed an unsigned § 2255 motion before the limitations period expired on May 26, 2004, but that motion was returned to him for his signature and was not signed until after the limitations period had expired.

### IV. DISCUSSION

The version of the Rules Governing Section 2255 Proceedings ("the § 2255 Rules") that the Government says are applicable here provides, in Rule 2(b), that the motion must be signed under penalty of perjury by the moving party, and in Rule 3(b), that: "Upon receipt of the motion and *having ascertained that it appears on its face to comply with rules 2 and 3*, the clerk of the district court shall file the motion

---

[3] The Government contends that this appeal should be dismissed for lack of jurisdiction because Michel did not timely file an application for a COA with this court. This argument is meritless. Pretermitting consideration of whether a COA is jurisdictional, we hold that Michel's notice of appeal was properly treated as a motion for a COA. *See Barnes v. United States*, 437 F.3d 1074, 1076-77 (11th Cir. 2006).

4

and enter it on the docket . . . ." Rules Governing Section 2255 Proceedings R. 3(b) (2000) (emphasis added). Consistent with these rules, the district court clerk did not file and docket Michel's § 2255 motion until it was signed. This delay caused the motion to be untimely.

On April 26, 2004, the Supreme Court announced amendments to the § 2255 Rules. Amended Rule 2(b) requires that the motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing Section 2255 Proceedings R. 2(b) (2006). Amended Rule 3(b) eliminates the requirement that the clerk ascertain, prior to filing and docketing, whether the motion on its face complies with Rule 2. Amended Rule 3(b) provides that the "clerk must file the [§ 2255] motion and enter it on the criminal docket of the case in which the challenged judgment was entered." Rules Governing Section 2255 Proceedings R. 3(b) (2006).

The advisory committee notes to the § 2255 Rules set forth the rationale of the 2004 amendments. "[U]nder revised Rule 3(b), the clerk is required to file a motion, even though it may otherwise fail to comply with the provisions in revised Rule 2(b). The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule

5

2(b)." Rules Governing Section 2255 Proceedings R. 2, advisory committee note. The

advisory committee notes say:

> [A] court's dismissal of a defective motion may pose a significant penalty for a moving party who may not be able to file a corrected motion within the one-year limitation period. The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2. Thus, revised Rule 3(b) requires the clerk to file a motion, even though it may otherwise fail to comply with Rule 2.

Rules Governing Section 2255 Proceedings R. 3, advisory committee note.

The order accompanying these amendments to the § 2255 Rules states that they

"shall take effect on December 1, 2004, and shall govern in all proceedings thereafter

commenced and, insofar as just and practicable, all proceedings then pending." Rules

Governing Section 2255 Proceedings, Order of the Supreme Court (April 26, 2004).

If the amended § 2255 Rules apply to this case, Michel's original § 2255 motion

should have been filed and docketed upon receipt by the clerk, even though it did not

have a signature.[4]  If this had been done, Michel's § 2255 motion would have been

filed before the statutory deadline.  The resolution of this case thus depends on

---

[4]The Government argues that Armstrong, Michel's co-defendant, had no authority to act on Michel's behalf.  We hold that there is evidence that Armstrong was so authorized, and there is not any evidence to the contrary.  Upon the request of the district court clerk, Michel signed the motion, which had been mailed by Armstrong, and mailed it back to the clerk.  By his signature Michel ratified Armstrong's original filing on his behalf.  This shows that there was "no doubt about who was filing or what judgment was attacked" and "the initial filing, together with the signed petition, demonstrate the assent of" Michel to Armstrong's filing of the motion. *De Aza-Paez v. United States*, 343 F.3d 552, 553 (1st Cir. 2003).

6

whether Michel's § 2255 proceeding was "then pending" on December 1, 2004, and whether it would be "just and practicable" to apply amended Rule 3(b) to this case.

The Government argues that, since the amendments to Rules 2 and 3 did not go into effect until December 1, 2004, Michel was bound by the old rules—notwithstanding the fact that the district court did not rule on the motion until 2006. Notably, the Government does not contend that Michel's motion is time-barred under the amended § 2255 Rules; it only argues that they do not apply because Michel's motion was filed before December 1, 2004. The Government does not address whether Michel's motion was "then pending" on December 1, 2004, or whether it would be "just and practicable" to apply the amended rules here. Michel argues that the amended rules apply because his motion was "then pending" on December 1, 2004 and it is "just and practicable" to apply the amended rules.

Courts generally apply amendments to procedural rules retroactively to the maximum extent possible. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 n.32 (11th Cir. 1997); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 823 (5th Cir. 1967). The order accompanying the amended § 2255 Rules states that they will "take effect on December 1, 2004, and shall govern . . . all proceedings then pending." Michel's § 2255 motion was filed in May 2004. The district court did not

7

rule on it until 2006.  Thus, Michel's motion was "then pending" on December 1, 2004.

In addition to the "then pending" requirement, it must be "just and practicable" to apply these amended § 2255 Rules for actions pending on December 1, 2004. These amended rules promote the just disposition of matters on their merits.  And, the Government is not unfairly prejudiced by their application here.  It is "just and practicable" for the amended rules to apply to Michel's § 2255 motion.  The motion should have been deemed filed and docketed prior to the statutory bar.  The result would have been a timely filing, avoiding "significant penalty" to Michel of the kind that the advisory committee notes contemplate.

The district court did not consider any of these issues, instead resting its rationale wholly upon Fed. R. Civ. P. 11[5] and *Gonzales*, 157 F.3d 1016. The district court's analysis reads as follows:

> Rule 11 of the Federal Rules of Civil Procedure requires that every motion be signed by at least one attorney of record or, if the party is not represented by an attorney, by the party himself. A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null. *Gonzalez v. Wyatt*, 157 F.3d 1016 (5th Cir. 1977). Thus, a pleading is not filed until a properly signed copy is submitted. When a nonlawyer purports to file a timely pleading on

---

[5] "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a).

> another party's behalf but the pleading is not properly signed until after the filing deadline has passed, the pleading is untimely. *Id.*

> Petitioner's motion under 28 U.S.C. § 2255 was not filed until three weeks after the limitations period expired. The motion is, therefore, due to be and hereby is **DISMISSED** as time barred.

(R.730 at 2.)

The Government argues that the original § 2255 motion failed to comply with Fed. R. Civ. P. 11. Central to the Government's contention is that this motion *was* signed by Armstrong, a non-lawyer, when he typed Michel's name in the signature line. Michel argues that Armstrong did not sign the motion at all, so there is no issue of a non-party or non-lawyer signature. We agree with Michel. Typing Michel's name in the signature line did not constitute a signature.

Amended § 2255 Rule 3(b) and the advisory committee notes to the § 2255 Rules explicitly address the situation presented here: an unsigned motion is submitted to the district court and is subsequently signed by the movant, after the filing deadline has passed. Reading Fed. R. Civ. P. 11 to categorically foreclose the movant's opportunity to cure the lack of signature after the filing deadline has passed is contrary to the amended § 2255 Rules. Amended Rule 3(b) requires the clerk to file and docket the motion upon receipt, even if it does not conform to the technical requirement in Rule 2 that the motion be signed. In the event of a conflict between

9

the amended § 2255 Rules and the Federal Rules of Civil Procedure, the former govern: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing Section 2255 Proceedings, R. 12 (2006).[6] Since the amended § 2255 Rules govern the outcome in this case, the district court's reliance on *Gonzales*, a Rule 11 case, was inappropriate.

## V. CONCLUSION

For the foregoing reasons, the district court's dismissal of Michel's § 2255 motion as time-barred is reversed, and the matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[6] This version of Rule 12 was a product of the 2004 amendments to the § 2255 Rules. Prior to these amendments, however, Rule 12 permitted application of the Federal Rules of Civil Procedure only to the extent that they were not inconsistent with the § 2255 Rules.