IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40611
Conference Calendar

RAYFORD F PERRY

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS
MEDICAL BRANCH; ANTHONY HOLMES, Law Library Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-140

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rayford F. Perry, Texas inmate # 612772, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915A. Dismissals under § 1915A are reviewed de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on an indisputably meritless legal theory[.]" Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Perry argues that he was denied access to the courts because Anthony Holmes, a prison law library supervisor, would not schedule a face-to-face meeting with another inmate to support ongoing litigation. Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Interference with the right is actionable under § 1983 only where the inmate demonstrates "actual injury stemming from defendants' unconstitutional conduct." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Perry has not shown that Holmes hindered his ability to file a nonfrivolous legal claim. See Christopher v. Harbury, 536 U.S. 403, 414-22 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996).

Perry argues that the Texas Department of Criminal Justice - Institutional Division and the University of Texas Medical Branch were responsible for the harassment and retaliation he experienced because of his legal activities. The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department." Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997) (internal quotation marks omitted). Perry has not shown that the district court erred in dismissing these claims as frivolous.

For the first time on appeal, Perry has added new defendants and raised new claims in addition to challenging the district court's dismissal of the claims raised below. The new claims will not be considered. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Perry's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Perry is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.