IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-20163
Summary Calendar

DENIS MARINGO

Plaintiff-Appellant

v.

ERICA MCGUIRK, The Ghost of Erica J McGuirk, who is the reincarnated Jezebel Princess of Evil; U S IMMIGRATION AND CUSTOMS ENFORCE-MENT, Houston Field Office Director

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-403

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Denis Maringo (# A79483831), an alien detainee, appeals from the district court's dismissal of his pro se suit as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Maringo alleged that Erica McGuirk, an attorney for United States Immigration and Customs Enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(ICE), and her ghost, "the reincarnated Jezebel Princess of Evil," have caused him mental distress by appearing before him, particularly while he is sleeping at night or showering. According to Maringo's complaint, McGuirk and her ghost sexually harassed him by exposing themselves and "forcing [him] to watch or participate"; forced him to read ghost and horror literature with them; insisted that he listen to a ghost-themed radio show; and appeared with "Santa Claus hats, wings and [a] horn with shaggy, black feathers." He alleged that after complaining about this matter, ICE officials retaliated against him by placing him in a single-person cell, where they could more easily kill him by poisoning his food. He also alleged that he was placed in lock down status without any charge, hearing, or evidence and that he was restricted from access to the law library and a typewriter.

Section 1915(e)(2)(B) "does not apply to alien detainees," Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000), because they are not "prisoners" within the meaning of § 1915(h). Ojo v. INS, 106 F.3d 680, 682-83 (5th Cir. 1997). Maringo does not challenge the procedural correctness of the district court's dismissal under § 1915(e)(2)(B). We may affirm the district court's decision on alternate grounds. See Bickford v. Int'l Speedway, 654 F.2d 1028, 1031 (5th Cir. 1981).

Maringo's claims against McGuirk and her ghost are "obviously frivolous" factually, and the district court's dismissal of them is affirmed based on the lack of subject matter jurisdiction. See Neitzke v. Williams, 490 U.S. 319, 327 & n.6 (1989); Hagans v. Lavine, 415 U.S. 528, 536-37 (1974); Carmichael v. United Tech. Corp., 835 F.2d 109, 114 (5th Cir. 1988). Maringo has failed to state a claim of retaliation based on his complaints about McGuirk and her ghost because frivolous filings may not comprise the basis of a retaliation claim. See FED. R. CIV. P. 12(b)(6); Johnson v. Rodriguez, 110 F.3d 299, 311 (5th Cir. 1997).

Concerning his claim that he was placed in lock down status without due process, Maringo articulates no argument challenging the district court's

determination that this placement did not infringe a constitutionally protected liberty interest or the Eighth Amendment. With respect to his claim of denial of access to the courts, Maringo does not challenge the district court's determination that he failed to allege actual injury resulting from limited access to the law library or a typewriter. Maringo has thus abandoned any such challenges, and the district court's dismissal of those claims is affirmed. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). We do not consider Maringo's equal protection claim based on his confinement in lockdown status because it is raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The instant appeal presents no legal points arguable on their merits, and it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Maringo is warned that the filing of further frivolous appeals will result in sanctions. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. In light of this sanction warning, Maringo must review his other appeals pending in this court and move to withdraw any appeal that is frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.