IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-20583
Summary Calendar

DENIS MARINGO

Plaintiff-Appellant

v.

DEPARTMENT OF JUSTICE; BOARD OF IMMIGRATION APPEALS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2212

Before HIGGINBOTHAM, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Denis Maringo, alien detainee # A79483831, has filed a pro se motion for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his suit against the Department of Justice (DOJ) and the Board of Immigration Appeals (BIA). Maringo filed the suit on behalf of himself, an organization he refers to as "PLEAD," and members of PLEAD. The district court denied Maringo's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith because his complaint was legally frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The complaint alleged 1) discrimination by the BIA against Maringo and similarly situated pro se litigants based on the BIA's refusal to allow appeals by pro se litigants to be reviewed by three-member or en banc panels of the BIA, 2) discrimination based on the BIA's refusal to allow pro se litigants the benefit of oral argument; 3) that the defendants improperly designated Falls Church, Virginia as the location of the BIA; 4) that the BIA's streamlined review procedures violated the rights of due process and equal protection; and 5) that the defendants improperly usurped 8 U.S.C. § 1229a(c)(6). The complaint sought class action certification, an order directing the defendants to give pro se aliens the same access before the BIA as aliens with attorneys, invalidation of the BIA's streamlined review procedures, invalidation of the regulation and BIA guidelines that allegedly conflict with § 1229a(c)(6), an order directing the defendants to release statistics and other documents relevant to the complaint, and a declaratory judgment condemning the defendants' designation of Falls Church as the location of the BIA.

By moving for IFP status, Maringo is challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Maringo argues that the district court erred in dismissing PLEAD and its members from the suit on the ground that they could not be represented by Maringo, who is not an attorney. He also argues that the district court erred in determining that it lacked subject matter jurisdiction over the claims raised in his complaint. The district court's dismissal of PLEAD and its membership from the suit was correct. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993); Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998). Maringo alleges only past exposure to illegal conduct and lacks standing to bring suit for the relief sought in the complaint. See City of Los Angeles v. Lyons, 461 U.S. 95, 102-05 (1983); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005).

Maringo's IFP motion is denied. The instant appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We have previously warned Maringo that the filing of frivolous appeals will result in sanctions and ordered him to move to withdraw any pending appeal that is frivolous. See Maringo v. McGuirk, No. 07-20163, 2008 WL 631304 (5th Cir. Mar. 5, 2008). Given the frivolous nature of the instant appeal, Maringo shall pay sanctions in the amount of $50, payable to the clerk of this court. Maringo shall pay this amount in addition to the $50 sanction in Maringo v. Barnes, No. 07-20697, for a total of $100. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Maringo unless Maringo submits proof of satisfaction of this sanction. If Maringo attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that both sanctions have been paid will neither be addressed nor acknowledged.

MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED.