IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20697
Summary Calendar

DENIS MARINGO

Plaintiff-Appellant

v.

DEPORTATION OFFICER EDWIN BARNES; DEPORTATION OFFICER
ANDREA DOAKES; ACTING FIELD OFFICER KENNETH LANDGREBE;
MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES OF AMERICA; MICHAEL B MUKASEY, U S
ATTORNEY GENERAL

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2367

Before JOLLY, HIGGINBOTHAM, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Denis Maringo, alien detainee # A79483831, has filed a pro se motion for
leave to proceed in forma pauperis (IFP) in his appeal of the district court's
dismissal of his suit against Edwin Barnes and Andrea Doakes, United States
Immigration and Customs Enforcement (ICE) Deportation Officers; Kenneth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Landgrebe, Acting Field Officer for the ICE office in Houston, Texas; the United States; Michael Chertoff, Secretary of the Department of Homeland Security; and the United States Attorney General. The district court denied Maringo's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith because his complaint was legally frivolous.

By moving for IFP status, Maringo is challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Maringo's brief does not address the merits of the district court's dismissal without prejudice on the ground that Maringo failed to exhaust administrative remedies. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Maringo has not shown that the district court's certification was incorrect.

Maringo's IFP motion is denied. The instant appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We have previously warned Maringo that the filing of frivolous appeals will result in sanctions and ordered him to move to withdraw any pending appeal that is frivolous. See Maringo v. McGuirk, No. 07-20163, 2008 WL 631304 (5th Cir. Mar. 5, 2008). Given the frivolous nature of the instant appeal, Maringo shall pay sanctions in the amount of $50, payable to the clerk of this court. Maringo shall pay this amount in addition to the $50 sanction in Maringo v. Dep't of Justice, No. 07-20583, for a total of $100. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Maringo unless Maringo submits proof of satisfaction of this sanction. If Maringo attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do

not show proof that both sanctions have been paid will neither be addressed nor acknowledged.

MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED.