**Lawrence Ray PITTMAN, Sr., Plaintiff–Appellant**

v.

**Lynette CONERLY, Court Reporter; Jerome Winsberg, Honorable, Judge; Sharon Hunter, Honorable Judge, Defendants–Appellees.**

No. 10–30133
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 2010.

---

917

Lawrence R. Pittman, Sr., Angola, LA, pro se.

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM: *

Lawrence Ray Pittman, Sr., Louisiana prisoner # 101703, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 complaint alleging that the defendants failed to provide him a copy of the instructions that were provided to the jury in connection with his March 21, 1989, conviction of attempted first-degree murder and armed robbery. He alleged that the rea-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sonable doubt jury instruction that was given in his trial violated *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), *overruled on other grounds, Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The district court dismissed Pittman's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) after determining that his claims had prescribed and were otherwise without merit. Pittman argues that the district court erred by dismissing his complaint sua sponte, applying Louisiana state law to determine when his cause of action accrued, failing to apply the continuing violation doctrine, and dismissing his request for injunctive relief.

■ Pittman's arguments do not indicate that the district court erred when it dismissed his claims. Prescribed claims are properly dismissed pursuant to § 1915 as frivolous. *See Gonzales v. Wyatt,* 157 F.3d 1016, 1019–20 (5th Cir.1998). This court reviews such dismissals for abuse of discretion. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.1998); *Black v. Warren,* 134 F.3d 732, 734 (5th Cir.1998). "Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action under 28 U.S.C. § 1915." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).

■ Also, the district court correctly concluded that the statute of limitations for a § 1983 claim is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See Wallace v. Kato,* 549 U.S. 384, 387–88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). In Louisiana, the applicable prescriptive period is one year. La. Civ.Code Ann. art. 3492. Federal law dictates that the statute of limitations begins to run

"the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Hous.,* 237 F.3d 567, 576 (5th Cir.2001) (internal quotation marks omitted). While Pittman's allegations do not reveal the precise date that he became aware of the state court's failure to provide copy of the reasonable doubt instruction, available court records indicate that prior to 2001, Pittman was aware of the *Cage* claim and he was aware that he was not provided a copy of the jury instruction. *See Pittman v. Cain,* 247 F.3d 241, at *1 (5th Cir. Jan.11, 2001) (unpublished). The statute of limitations therefore began to run sometime prior to 2001. *See Piotrowski,* 237 F.3d at 576. Giving Pittman the benefit of the date that he signed his § 1983 complaint as the filing date, Pittman filed his complaint in the instant proceeding on November 23, 2009, well after the expiration of the applicable one-year limitation period. *See* art. 3492. The district court therefore correctly concluded that Pittman's claims had prescribed.

■ Pittman did not raise his argument regarding the continuing violation doctrine in the district court. This court will not consider an issue that a party did not raise in the district court. *Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir.1999). In any event, this argument lacks merit. *See McGregor v. La. State Univ. Bd. of Supervisors,* 3 F.3d 850, 866 (5th Cir.1993). Pittman's argument that his claim for injunctive relief should have survived the district court's dismissal also lacks merit, as statutes of limitations apply to § 1983 actions that seek injunctive relief. *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir.2008).

■ Finally, in addition to determining that Pittman's claims were prescribed, the

district court concluded that Pittman's claims against the state court judges were barred by absolute judicial immunity. Also, to the extent that Pittman was suing the judges in their official capacities, the district court concluded that his claims were barred. The district court further determined that Pittman's claims against the court reporter failed because Pittman had suffered no harm from her failure to transcribe the jury instructions. Pittman has failed to provide argument regarding these determinations and has therefore abandoned these issues. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987); FED. R.APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR R. 47.5.4.